### URICH v. UTAH APEX MINING CO.

No. 3084.   Decided December 4, 1917.   (169 Pac. 263.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—DUTY TO MAKE PLACE SAFE.   Though one employed to operate a drilling machine in a mine was required to inspect his place of work, he did not, on the theory that he was bound to make the place of work safe, assume the risk of injury from rock falling from the roof of the mine in a place other than his immediate place of work.[1]   (Page 209.)

2. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—NEGLIGENCE.   Where an injured servant alleged several acts of the master's negligence, he may recover on proof of less than all of them.   (Page 209.)

3. TRIAL—INSTRUCTIONS—REFUSAL.   The refusal of the requests covered by the charge given is not error.   (Page 209.)

4. TRIAL—INSTRUCTIONS—REFUSAL.   The refusal of instructions not justified by the evidence, though reflecting a party's theory, is not error.   (Page 209.)

Appeal from District Court of Salt Lake County, Third District; *Hon. T. D. Lewis,* Judge.

Action by John Urich against the Utah Apex Mining Company.

From a judgment for plaintiff.   Defendant appeals.

AFFIRMED.

---

[1] *Golesh v. Utah Apex Mining Co.,* 49 Utah 232, 162 Pac. 369.

*King, Nibley & Farnsworth* and *S. A. King* for appellant.

*Willard Hanson* for respondent.

FRICK, C. J.

The plaintiff, who was employed by the defendant in its mine for the purpose of operating a drilling machine and at times to perform such other duties as he was directed, brought this action to recover damages for ·personal injuries which he alleged were caused through the negligence of the defend-ant. The acts of negligence relied on were that the defendant failed to properly timber a certain stope in its mine where the plaintiff was employed; that it negligently omitted to inspect the roof, sides, and "back" of said stope; that it negligently failed to "pick down" the loose rock and earth from the roof, sides, etc., of said stope; and that it negligently gave assurance to plaintiff that said stope was in a safe condition. The defendant denied all of the alleged acts of negligence and set up the affirmative defenses of contributory negligence, assumption of risk, and that plaintiff was injured through the negligence of certain of his fellow servants. The jury returned a verdict in favor of the plaintiff. Judgment was duly entered thereon, and the defendant appeals.

The facts, briefly stated, are: That the plaintiff was employed to operate a drilling machine in defendant's mine. That he had been working in the particular stope where the accident occurred for about six or seven shifts before the accident. That on the evening of the day preceding the accident a portion of the timbering in said stope was shot down in discharging a blast, and on the following morning the plaintiff went to his work at the face of the stope to operate his drilling machine, and the mine shift boss then ordered the men there, including the plaintiff, to "put up" the timbers that were shot down the evening before. That the plaintiff and his partner did not remain long at that work for the reason that the shift boss told them:

"You fellows go on your machine. We want to make muck,

and I will put the timber men here.   They will put these timbers up.''

That the timber men continued to put up the timbers, and plaintiff and his partner went to work at the face of the stope with the drilling machine.   Plaintiff and his partner continued drilling during the day until about four o'clock p. m.   The shift boss then directed plaintiff to go down to some other point in the mine about twenty-five feet from where plaintiff was at work.   The shift boss, speaking to plaintiff, said: ''John, go down and cover the chute.''   Plaintiff did as directed, and then returned to where the shift boss was in the face of the stope.   While in the act of passing to the face of the stope, and in passing through the timbers which had been put up by the timber men during the day, earth and rock fell from the roof of the stope on plaintiff, and he sustained a fractured leg.   The earth and rock fell from the roof of the stope at a point where the timber men had failed to timber clear up to the roof of the stope.   It was made to appear that the earth and rock would not have fallen down and plaintiff would not have been injured if the timber men had put up the timbers clear to the roof of the stope, which they failed to do.   The evidence also was to the effect that, under the rules of the defendant, plaintiff was required to inspect the place where he was at work.   It was, however, not the duty of the plaintiff to inspect the stope at the point where he was injured, and he testified: ''I did not do any timbering and had nothing to do with it.''   It nevertheless was necessary for him to pass under it to go to the face of the stope where he was at work, as before stated.   It also appeared that the timber men could have protected the roof of the stope, and could have made the place reasonably safe by putting in what is termed a ''short set'' of timbers and covered them, which they failed to do, and the earth and rock fell down and injured plaintiff as before stated.

Upon substantially the foregoing facts, counsel for defendant moved for a nonsuit.   The motion was denied, and they now insist the district court erred in refusing to grant the motion.

Counsel contend that the motion should have been granted for the reason that this case comes within the rule laid down by this court in the case of *Golesh* v. *Utah Apex M. Co.*, 49 Utah, 232, 162 Pac. 369. We cannot agree with counsel. In that case the complaining servant was an expert timber man, and as such was engaged by the master to perform the master's duty of making the place where he was at work at the time of the accident reasonably safe for all the workmen who were employed in the mine, and he was injured while in the very act of performing the duty aforesaid. It was accordingly held that, in view of the undisputed facts in that case, the servant had assumed the risk as a matter of law. Not so in this case. Here the plaintiff was charged only with the duty of inspecting and making reasonably safe the place where he was working. He had nothing to do with inspecting any other portion of the mine or maintaining it safe. It was the master's duty to make and maintain every part of the mine reasonably safe, and the master was absolved from the performance of that duty as against the plaintiff only at the particular place where he was engaged in his regular work. As to that place the plaintiff absolved the master from the duty aforesaid, but he did not do so with respect to any other place in the mine.

The evidence showed that the plaintiff was injured, not at the place where he was engaged, but at some distance therefrom. True, the distance was not great, being merely seven or eight feet; but that is not material. The trial court, in clear and apt phraseology, submitted that phase of the case to the jury, and they found the facts in that regard in favor of the plaintiff.

Counsel, however, also insist that there is no evidence in support of plaintiff's allegations that the defendant gave him assurance that the stope was safe. If counsel's claim be granted as broadly as it is made, yet that is no reason why plaintiff was not entitled to have the case submitted to the jury upon the acts of negligence of which he produced evidence. It was not necessary for him to establish every act of negligence, whether of commission or of

omission, that he had alleged in the complaint. It was sufficient if he established one or more of them. The district court therefore did not err in denying the motion for nonsuit.

It is also insisted that the district court erred in refusing to direct a verdict in defendant's favor. What has been said respecting the motion for nonsuit also answers that contention.

It is further contended that the district court erred in giving the paragraphs numbered 13 and 16 of its charge to the jury. The contention is, not that the paragraphs complained of do not state correct propositions of law, but is that they contain matters not covered by the evidence. In our judgment the criticism is not well founded. Conceding, however, that counsel's contentions were correct, yet, in view of the evidence, the matters complained of could not have prejudiced the defendant, and hence this assignment, for that reason, if for no other, must fail.

It is next contended that the court erred in refusing to charge the jury as requested. While the assignment of errors includes all requests from No. 2 to No. 37, yet in their brief counsel's argument covers only requests numbered 3, 4, 5, 6, 10, and 14. Request No. 4 was, however, in sub-   3, 4 stance given by the court in its general charge, and error can therefore not be predicated on the court's refusal to give that request. All of defendant's requests however, bear intrinsic evidence of having been prepared in counsel's office before the trial. The language in requests numbered 3, 5, 6, 10, and 14, being all of those remaining to which reference is made in counsel's brief, is either too broad or not sufficiently guarded, in view of the evidence. While those requests, no doubt, reflect defendant's theory, they do not correctly reflect the evidence, and the court therefore committed no error in refusing them, or any of them. The court, however, in its charge to the jury, fully and fairly covered every phase of the case, and correctly stated the law applicable to the facts, as they were developed at the trial, to the jury. No essential element was omitted from the charge, and the jury were fully advised respecting the rights and the duties of both parties.

The record discloses no prejudicial error, and hence the judgment is affirmed, with costs to respondent.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.